UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT DIETRICH, ) | |
| ) | |
| PETITIONER, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:10-CV-84-RLM |
| ) | ARISING OUT OF 3:09-CR-25-RLM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| RESPONDENT. ) | |

OPINION and ORDER

Robert Dietrich pleaded guilty to unlawfully obstructing interstate commerce by robbery, in violation of 18 U.S.C. § 1951. The court sentenced Mr. Dietrich to the statutory maximum of 240 months' imprisonment, above the Sentencing Guidelines' suggested range. He promptly moved to dismiss his direct appeal, pursuant to Federal Rule of Appellate Procedure 42(b), so that he could file a habeas petition. In April 2010, the court denied Mr. Dietrich's motion under 28 U.S.C. § 2255 to vacate his sentence because it found the only argument that Mr. Dietrich hadn't waived was unpersuasive. Pursuant to Federal Rule of Civil Procedure 60(b)(6), Mr. Dietrich has now filed a motion to vacate the court's judgment denying his § 2255 motion.

Rule 60(b)(6) allows the court to relieve a party from a final judgment for any reason that justifies relief. FED. R. CIV. P. 60(b)(6). Mr. Dietrich asserts that he is entitled to relief from the judgment due to the extraordinary circumstances of his case because the court's decision was erroneous. But a

Rule 60 motion can't disguise a second § 2255 motion. A Rule 60 motion that presents a claim for release from prison and follows an order denying a § 2255 motion should be treated the same way as a new petition for collateral relief and must comply with the requirements of § 2255(h). Lawuary v. United States, 669 F.3d 864, 866 (7th Cir. 2012); *see also* Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover."). Mr. Dietrich's 60(b)(6) motion to vacate the court's judgment denying his motion under § 2255 is a second § 2255 motion. Pursuant to § 2255(h), a successive § 2255 motion must be certified by the court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Mr. Dietrich's motion hasn't been certified by the court of appeals, a statutory requirement for a successive § 2255 motion, so this court lacks jurisdiction to consider the motion. *See* Best v. United States, 2:00-CR-171, 2010 WL 3782160, at *3 (N.D. Ind. Sept. 22, 2010) (successive § 2255 motion, labeled a Rule 60(d)(1) motion); United States v. Turner, 3:03-CR-22,

2011 WL 65779, at *2 (N.D. Ind. Jan. 7, 2011) (successive § 2255 motion, labeled Rule 60(d) motion).

The motion doesn't present any newly discovered evidence or assert a retroactive new rule of constitutional law. Mr. Dietrich claims the court inexplicably decided not to reduce his offense level by two levels for his acceptance of responsibility and sentenced him on two counts that were dismissed. His counsel, Mr. Dietrich claims, "simply sat by and watched the charade as if he knew absolutely nothing of the sentencing guidelines." Mr. Dietrich argues that he was denied effective assistance of counsel at sentencing because his counsel wasn't familiar with the sentencing guidelines and the court misapplied the sentencing guidelines.

At the sentencing hearing, Mr. Dietrich objected to the government's recommendation that he receive no reduction in offense level for acceptance of responsibility due to his continued efforts to withdraw his plea agreement. The court overruled the objection and noted that Mr. Dietrich appeared to have tried everything he could think of to get out of his guilty plea and his efforts were entirely inconsistent with any concept of acceptance of responsibility as the sentencing guidelines use that phrase. The court concluded that Mr. Dietrich's repeated post-guilty plea efforts to challenge his guilt outweighed any acceptance of responsibility for the crime. The court noted that even if Mr. Dietrich had accepted responsibility, the same sentence would be reasonable.

The indictment charged Mr. Dietrich with committing three robberies and contained a count for each robbery. As a part of his plea agreement, Mr. Dietrich pleaded guilty to one of the robberies, found in count 3, and the two other counts were to be dismissed at the time of sentencing. At the sentencing hearing, Mr. Dietrich denied committing the robberies found in counts 1 and 2 and objected to being held responsible for them. The government presented evidence of his guilt. The court found it far more likely than not that Mr. Dietrich committed all three robberies. The court decided that it could consider Mr. Dietrich's overall crime spree in determining a reasonable sentence within the meaning of 18 U.S.C. § 3553(a), but Mr. Dietrich's denial of the other robberies didn't affect the guidelines calculation.

After entering his guilty plea, but before the sentencing hearing, Mr. Dietrich began asserting that his counsel was ineffective. Mr. Dietrich wanted to view the signature of the judge who signed the search warrant for his apartment and to call witnesses to say that they couldn't identify him as the person who robbed them. His counsel refused to pursue Mr. Dietrich's requests. The court denied Mr. Dietrich's request for a new lawyer because an attorney who did what Mr. Dietrich asked would be providing ineffective assistance of counsel. The court granted Mr. Dietrich leave to represent himself and denied his subsequent *pro se* requests to do what his attorney had refused to do on his behalf. The court again examined defense counsel's performance in the order denying Mr. Dietrich's § 2255 motion. Emphasizing Mr. Dietrich's

responses in the plea colloquy, the court concluded that defense counsel's performance was reasonable and didn't prejudice Mr. Dietrich.

The court sentenced Mr. Dietrich to the statutory maximum of 240 months' imprisonment, above the Sentencing Guidelines' suggested range of 57 to 71 months' imprisonment. The court noted that all other things being equal, reasonably uniform sentencing practices tend to promote respect for the law, but all other things were not equal in Mr. Dietrich's case. The court considered that the robbery was the third in a series of robberies, and had Mr. Dietrich not been caught, the crime spree likely would have continued. In each robbery, Mr. Dietrich threatened the recipient of his note with bodily injury, either by gunshot, by bomb, or by both. Mr. Dietrich's crime spree occurred while on supervised release as a part of an armed career offender sentence. The court found the need for the sentence to protect the public from Mr. Dietrich to be enormous due to his extensive and violent criminal past. This robbery was similar to his earlier convictions. Had his prior three felonies of violence not occurred too long ago to be considered in his criminal history, he would have been sentenced as a career offender. The government could have pursued a sentencing enhancement of life imprisonment. And finally, Mr. Dietrich was serving part of a 200 month sentence imposed for selling a sawed off shotgun. For these reasons, the court concluded that a sentence of 240 months was appropriate to reflect the seriousness of the offense, to provide just

punishment, to promote respect for the law, and to protect the public from Mr. Dietrich.

Mr. Dietrich's Rule 60 motion (actually a second § 2255 motion) hasn't been certified by the court of appeals and doesn't present any newly discovered evidence or assert a retroactive new rule of constitutional law. So the court DISMISSES Mr. Dietrich's motion to vacate the court's judgment denying his 28 U.S.C. § 2255 motion (Doc. No. 30) for lack of jurisdiction.

SO ORDERED.

ENTERED:  <u>January 27, 2014</u>

<u>         /s/ Robert L. Miller, Jr.         </u>
Judge
United States District Court